USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/5/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Tariq Gill,

          Petitioner,

–v–

United States of America,

          Respondent.

(AJN)
13-cr-777-3
16-cv-4933

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Petitioner Tariq Gill moves pursuant to 28 U.S.C. § 2255 to vacate his conviction for possession of a firearm in connection with a narcotics offense or crime of violence in violation § 18 U.S.C. 924(c)(1)(A). For the reasons that follow, Petitioner's motion is denied.

I.     BACKGROUND

    In or around August 2013, Petitioner Tariq Gill met with co-defendant John William Cook, Jr. and another individual, who was in fact a cooperating witness for the United States Drug Enforcement Administration (DEA), to discuss an opportunity to rob drug dealers who were traveling from Miami, FL to New York, NY. Presence Investigation Report (PSR), ¶¶ 15-17.[1] The cooperating witness informed Cook and Petitioner that the drug dealers would be arriving in New York City on September 4, 2013 with 18 kilograms of cocaine and 5 kilograms of heroin, and that they would be the intended targets of the robbery. *Id.* at 18. Petitioner confirmed that he would go forward with the plan. *Id.* On September 5, 2013, Petitioner met

---

[1] The facts underlying Mr. Gill's convictions are drawn largely from the Presentence Investigation Report, which the Court adopted without objection during Mr. Gill's sentencing. *See* No. 13cr777-2, Dkt. No. 89, Sent. Tr. 3:15-4:14.

1

with the cooperating witness, Cook, and co-defendant Isaiah Wilson inside a parking lot at West 125th Street and Broadway in New York City, where the group waited for the intended targets to begin unloading the drugs from a vehicle parked a few blocks away.  *Id.* at 19.  Cook informed the cooperating witness that both he and Petitioner were carrying firearms.  *Id.*  Petitioner and Cook then followed the cooperating witness in a separate car out of the parking lot, at which point they were stopped by federal agents who approached the car and placed them under arrest.  *Id.* at 20.  The agents found loaded handguns at the feet of Cook and Petitioner.  *Id.* at 20.

On October 8, 2013, Petitioner, Cook, and Wilson were indicted on three counts: (1) conspiracy to distribute narcotics in violation of 21 U.S.C. § 846, (2) conspiracy to commit Hobbes Act robbery in violation 18 U.S.C. § 1951, and (3) possession of a firearm during a "narcotics trafficking offense" or "crime of violence" in violation of 18 U.S.C. § 924(c)(1)(A).  No. 13cr777-2, Dkt. No. 10.   While Cook opted to go to trial, Petitioner and Wilson did not.  Petitioner pled guilty on March 21, 2014 to all three counts.  No. 13cr777-2, Dkt. No. 32.  As part of the plea agreement that Petitioner executed with the Government, Petitioner waived his rights to appeal.  16cv4933, Dkt. No. 16-1 at 7.  On August 20, 2014, the Court sentenced Petitioner to 224 months' imprisonment and five years' supervised release.  No. 13cr777-2, Dkt. No. 88.  Petitioner did not file an appeal to the Second Circuit following his sentence.

On June 23, 2016, Petitioner filed a *pro se* Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.  No. 16cv4933, Dkt. No. 1.  The case was stayed pending the outcome the Supreme Court's decision in *United States v. Davis*, which held that the residual clause in the definition of "crime of violence" under § 924(c)(3)(B) is unconstitutionally vague.  139 S. Ct. 2319, 2324 (2019).  After *Davis*, the Court lifted the stay and ordered a supplemental round of briefing.  *Id.*  Counsel was appointed and submitted supplemental memoranda on

Petitioner's behalf. Dkt. No. 7, 10. Petitioner's §2255 motion is now fully briefed. No. 16cv4933, Dkt. No. 17.

## II. DISCUSSION

In his § 2255 motion, Petitioner argues that his § 924(c)(1)(A) conviction for possessing a firearm in relation to a "crime of violence" or "drug trafficking crime" must be vacated. As the Government does not contest, following the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), Petitioner's conspiracy to commit Hobbes Act robbery conviction is not a "crime of violence" for purposes of § 924(c) and thus can no longer serve as a predicate for his § 924(c)(1)(A) conviction. Case No. 16cv4933, Dkt. No. 16. The Government nonetheless argues that the conviction should stand because his narcotics distribution conviction is a "drug trafficking crime" and thus serves as a predicate to the § 924(c) conviction.

Petitioner claims that his narcotics distribution charge cannot serve as a predicate for his § 924(c) count. First, he argues that the Government was not permitted to charge him in the indictment with violating § 924(c) based on both the Hobbes Act robbery conspiracy charge and narcotics distribution charge. Second, he argues that, to the extent his § 924(c) conviction is predicated on the narcotics distribution charge, his guilty plea to that offense was defective because there was no factual basis for the plea as required by Federal Rule of Criminal Procedure 11(b)(3).

Both arguments are procedurally defaulted and, in any event, fail on the merits.

### A. The Petition is Procedurally Barred

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Gupta v. United States*, 913 F.3d

3

81, 84 (2d Cir. 2019) (internal citations omitted). "'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him[.]" *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (emphasis in original). A petitioner may show cause by "demonstrat[ing] that the argument now raised 'was so novel that its legal basis was not reasonably available to counsel' at the time of his direct appeal." *Lopez v. United States*, 792 F. App'x 32, 39 (2d Cir. 2019). But it is not sufficient to show that "a claim was unacceptable to that particular court at that particular time." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "[T]he question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all." *United States v. Thorn*, 659 F.3d 227, 233 (2d Cir. 2011). Additionally, in order to establish prejudice, a petitioner must show that "[t]he error . . . resulted in substantial disadvantage, infecting the entire trial" or other proceeding "with error of constitutional dimensions." *Gutierrez v. Smith*, 702 F.3d 103, 112 (2d Cir. 2012) (cleaned up).

After Petitioner pled guilty, he declined to appeal his case to the Second Circuit, and therefore he must demonstrate cause and prejudice for each argument raised in his § 2255 habeas petition or that he is actually innocent. Petitioner does not assert any claim of actual innocence, but instead relies on cause and prejudice to excuse his procedural default. Petitioner claims that the reason he did not file an appeal was because he was barred from doing so per the terms of his Plea Agreement. Dkt. No. 17 at 5-6. This argument is squarely foreclosed by Second Circuit precedent: "a waiver of appeal provision in a plea agreement d[oes] not constitute 'cause' for failing to take a direct appeal" prior to filing a § 2255 petition. *Garcia-Santos v. United States*, 273 F.3d 506, 508 (2d Cir. 2001).

Petitioner has not otherwise demonstrated cause and prejudice for both of his arguments in his § 2255 motion. For Petitioner's first argument challenging the Government's decision to charge him with two offenses that could serve as a predicate to his § 924(c) charge, Petitioner provides no justification for failing to raise this issue in an appeal. This claim is therefore procedurally barred.

For Petitioner's second argument that his guilty plea was defective as to his § 924(c) conviction to the extent it was predicated on his narcotics distribution conviction, Petitioner claims that, during the time in which he could appeal, he had no reason to raise a challenge to the sufficiency of the narcotics distribution charge as a predicate to his § 924(c) conviction because, at the time, his Hobbes Act robbery conspiracy conviction also served as a predicate to his § 924(c) conviction. Under then-existing precedent, he claims there was no legal basis for challenging whether the Hobbes Act robbery conspiracy charge constituted a "crime of violence" for purposes of § 924(c). As Petitioner points out, the Second Circuit continued to uphold the constitutionality of § 924(c)(3)'s residual clause up until the Supreme Court's decision in *United States v. Davis*, which was well after the time to appeal, and therefore the legal basis for the argument was not reasonably available to counsel at the time.

Regardless of whether Petitioner can demonstrate good cause for failing to appeal, he cannot show prejudice. The Second Circuit recently determined that a defendant failed to show prejudice on direct appeal in a highly analogous case, *United States v. Dussard*, 967 F.3d 149, 156 (2d Cir. 2020). Like Petitioner, the defendant in *Dussard* had been involved in planning an armed robbery of a drug dealer and was initially charged with the same three offenses: conspiracy to commit Hobbes Act robbery, conspiracy to distribute narcotics, and possession of a gun during and in relation to a crime of violence or drug trafficking crime in violation of §

5

924(c)(1)(A). *Id.* at 152. The defendant agreed to plead guilty to the Hobbes Act charge and the § 924(c) charge, and in return the Government dropped the narcotics distribution charge. *Id.* After *Davis* held that Hobbes Act robbery conspiracy was no longer a crime of violence for the purposes of a § 924(c) conviction, the defendant appealed his guilty plea to the Second Circuit. Because the Court reviewed under the plain error standard, the defendant had to demonstrate that "there is a 'reasonable probability' that the error" in that case "affected the outcome of the proceeding." *Id.* at 156. However, the Second Circuit Court determined that "nothing about his plea or the plea hearing itself provides any basis for an argument that he was willing to plead guilty to [the § 924(c) charge] only if it was tied to the charge of Hobbs Act conspiracy and that he would not have pleaded guilty to [the § 924(c) charge] if the Plea Agreement had referred instead to the drug trafficking predicate." *Id.* at 158. Therefore, the Court held that the defendant had failed to show plain error.

Like in *Dussard*, there is no basis for the Court to conclude that, had *Davis* been decided or foreseen prior to his plea, Petitioner would not have pled guilty to the § 924(c) charge because it was only predicated on the narcotics distribution conspiracy charge. For the reasons discussed *supra* B.2, there is no room for doubt in the record that Petitioner possessed a firearm in connection with the conspiracy to distribute narcotics in violation of § 924(c)(1). Therefore, even to the extent Petitioner could show he had good cause for not directly appealing his sentence prior to *Davis*, he has not shown that it affected the outcome of his case. Because he has not demonstrated prejudice, this claim is procedurally barred.

### B. The Petition Fails on the Merits

Even if the Court were to consider the merits of Petitioner's arguments, the Court would reject them. "Pursuant to § 2255, a federal prisoner may move to vacate, set aside, or correct his

6

sentence on four grounds: (1) that the sentence was imposed in violation of the Constitution or laws of the United States, or (2) that the court was without jurisdiction to impose such sentence, or (3) that the sentence was in excess of the maximum authorized by law, or (4) is otherwise subject to collateral attack." *United States v. Hoskins*, 905 F.3d 97, 102 (2d Cir. 2018) (cleaned up) (citing 28 U.S.C. § 2255(a)). Further, with respect to the first ground, "an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).

In his challenges to the indictment and guilty plea, Petitioner has not demonstrated that the Court made any error of law, let alone one that resulted in a complete miscarriage of justice or that would otherwise entitle him to relief under § 2255.

### 1. Challenge to the Indictment

Petitioner argues in his *pro se* brief that the Government is not allowed to bring "a charge under 18 U.S.C. § 924(c) . . . for one weapon for two separate crimes all in one indictment," and therefore it was impermissible for them to "charge one 924(c) [count] to a crime of violence[] as well as a drug trafficking crime." Dkt. No. 9 at 3-4.

This argument misstates the law and the nature of the charges against him. Petitioner's § 924(c) count does not depend on both the Hobbes Act robbery conspiracy count and the narcotics distribution count. That provision allows that, if a defendant commits a crime of violence or a drug trafficking offense while possessing a firearm, they will be subject to a certain term of imprisonment. 18 U.S.C. § 924(c). The Government must therefore demonstrate that a crime of violence *or* a drug trafficking crime was committed in conjunction with the use of firearm. The Government has done so. While the Petitioner's Hobbes Act robbery conspiracy

7

charge no longer constitutes a "crime of violence" for purposes of § 924(c), the Petitioner's narcotics distribution charge still qualifies as a "drug trafficking crime" for purposes of § 924(c).

To the extent Petitioner is attempting to argue that the Government cannot charge a defendant with a § 924(c)(1) count that could be predicated on more than one offense in the indictment, that argument is without merit. Petitioner relies on *United States v. Wallace*, where the Second Circuit held that if a defendant's uses a firearm while engaging in conduct that could constitute both a "crime of violence" and a "drug trafficking crime," the Government may nonetheless only charge the defendant with one violation of § 924(c)(1)(A) for that conduct. 447 F.3d 184, 188 (2d Cir. 2006). In *Wallace*, after the defendant participated in a drug-related robbery of a vehicle while using a firearm, the Government charged him with *two* counts of § 924(c)(1)(A)—one for possession of a firearm in relation to a drug trafficking crime and one for possession of a firearm in relation to a crime of violence. *Id.* at 186. Considering that "[t]he relevant conduct underlying the offenses predicating" the two § 924(c)(1) counts "consists of the same shooting," the Court held that "a defendant who commits two predicate offenses with a single use of a firearm may only be convicted of a single violation of § 924(c)(1)" and ordered that one of his § 924(c)(1) convictions be overturned. *Id.* at 188.

Here, however, the Government did not charge Petitioner with two counts of § 924(c)(1) predicated on the Hobbes Act robbery conspiracy and the narcotics distribution conspiracy. The Government instead did exactly what the Court in *Wallace* instructed: charge only one § 924(c)(1) count if the defendant engaged in "continuous possession of a firearm in furtherance of simultaneous predicate offenses consisting of virtually the same conduct." *Wallace*, 447 F.3d at 188. Petitioner cites no source of authority, and the Court is aware of none, preventing the

Government from charging a defendant with more than one offense that could serve as a predicate for a § 924(c) charge.  Therefore, Petitioner's challenge to the indictment fails.

### 2. Challenge to the Guilty Plea

In his counseled brief, Petitioner argues that—to the extent his § 924(c) conviction is based on his narcotics distribution conviction—his guilty plea to the § 924(c) conviction violated Federal Rules of Criminal Procedure Rule 11 because there was no factual basis for the Court to conclude that Petitioner used the firearm in connection with the drug trafficking offense.

This challenge fails as well.  Rule 11(b)(3) requires that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3).  The rule requires that the Court "assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty" in order to "protect a defendant who . . . understand[s] [] the nature of the charge" but does not "realiz[e] that his conduct does not actually fall within the charge." *United States v. Murphy*, 942 F.3d 73, 85 (2d Cir. 2019) (quotations and citations omitted).  "In making this inquiry . . . [t]he court can rely on the defendant's admissions and any other evidence placed on the record at the time of the plea, including evidence obtained by inquiry of either the defendant or the prosecutor." *United States v. Robinson*, 799 F.3d 196, 199-200 (2d Cir. 2015).  The Court must determine that there is a factual basis for the plea "not necessarily at the plea colloquy, but at latest before entering judgment on a guilty plea." *United States v. Lloyd*, 901 F.3d 111, 115 (2d Cir. 2018) (cleaned up).

The Court did violate Rule 11(b)(3) because there was an adequate factual basis for Petitioner's guilty plea at the time judgment was entered.  At the plea hearing, Petitioner allocuted that he "agreed to steal drugs from strangers" and "possessed a firearm in connection

with these attempts to steal drugs." Plea Tr. 19.  Moreover, the presence investigation report, which was adopted by the Court with no objection, Sent. Tr. at 4, establishes that Petitioner and his co-conspirator believed that the robbery targets would be carrying as much as 18 kilograms of cocaine and 5 kilograms of heroin, and that as co-conspirators they would receive a "50-percent share of the robbery proceeds." PSR ¶ 18.  Petitioner also stated at sentencing that he had been enticed to commit the crime because it was "an opportunity . . . to make a million dollars." Sent. Tr. 14.  Therefore, at the time judgment was entered, the record was clear that Petitioner possessed the firearm for the purpose of stealing large quantities of cocaine and heroin by force with the intent of later selling those drugs for profit.

Petitioner does not contest that plotting to acquire and sell drugs is a drug distribution conspiracy in violation of 21 U.S.C. § 841(b)(1)(A) and a "drug trafficking crime" for the purposes of § 924(c)(1)(a).  *See* 18 U.S.C. § 924(c)(2).  However, Petitioner argues that there was no factual basis establishing that he used the firearm "during and relation to" that drug trafficking crime, as is required by § 924(c).  Petitioner's rationale is that, while he admitted to using the gun for the robbery, "never stated that he planned to use the firearms for anything" else.  Dkt. No. 17 at 8.  For example, Petitioner never stated that he intended to use the firearm while selling the drugs for the purpose protecting himself, his co-conspirators, the drugs, or the proceeds.  *Id.*

Whether Petitioner intended to use the firearm after the robbery is a red herring.  His admission to using the firearm to *steal* the drugs that he then intended to sell was sufficient to show that he used the firearm "during and in relation to" a drug trafficking crime.  A firearm is used "during and in relation to" a drug trafficking crime under § 924(c)(1)(A) when "the firearm [has] some purpose or effect with respect to the drug trafficking crime" and "its presence or

involvement [] [is not] the result of accident or coincidence." *Smith v. United States*, 508 U.S. 223, 238 (1993). Here, firearm played a central role "with respect to the drug trafficking crime" because in order to sell drugs, Petitioner needed to acquire drugs, and Petitioner expressly allocuted that he brought the firearm along for that purpose. In *Dussard*, the Second Circuit determined on near identical facts that there was "ample predicate" for a § 924(c) conviction predicated on firearm possession during and in relation to a drug trafficking crime. *Dussard*, 967 F.3d at 157. There factual basis was, like here, defendant's "sworn admission that he knowingly participated in a conspiracy 'to steal narcotics at gun point from people [he] believed were drug dealers transporting narcotics'" and other evidence in the record demonstrated that he intended to sell the drugs after. *Id.* Thus, there is no question that Petitioner used the firearm during and in relation to the drug trafficking crime.

In sum, at the time the Court entered judgment, there was ample basis in the record establishing for the Court to accept Petitioner's guilty plea. There is therefore no "error of law" providing the grounds for a collateral attack of his conviction and his petition must be denied.

### III. CONCLUSION

For the reasons explained above, Petitioner's motion to vacate Count Three of his conviction under 28 U.S.C. § 2255 is DENIED. The Clerk of Court is respectfully directed to close the civil docket, Case No. 16-cv-4933, and enter judgment.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. See 28 U.S.C. § 2253(c)(2). The Court further finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. See *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is further ordered to mail a copy of this order to Petitioner and note that mailing on the public docket.

SO ORDERED.

Dated: October 5, 2021
      New York, New York

_____
ALISON J. NATHAN
United States District Judge